# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING OPPORTUNITY COUNCIL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 7-04114-CV-C-NKL<br>)<br>) |
| JEFFREY TILLMAN, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER

Plaintiff Metropolitan St. Louis Equal Housing Opportunity Council (EHOC) brings this action under 42 U.S.C. § 3601, *et seq.*, for violations of the Fair Housing Act (FHA) and under 42 U.S.C. § 12101, *et seq.*, for violations of the Americans with Disability Act (ADA). Under Fed. R. Civ. P. 12(b)(6), Defendant Johnson Contracting, LLC (Johnson), moves to dismiss the FHA claims against it because the complaint does not allege the dates when Johnson allegedly provided services to EHOC [Doc. # 7]. Further, Johnson moves to dismiss Count I of the complaint because it fails to state Johnson participated in design of the projects. Finally, in the alternative, Johnson moves for a more definite statement regarding the dates of its actions. This Court now denies Johnson's motion to dismiss.

EHOC alleges that Johnson violated the FHA by designing and constructing condominiums that are not accessible to and usable by individual with disabilities. According to 42 U.S.C. § 3613, "An aggrieved person may commence a civil action in an appropriate United States District Court

1

or State court not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice." Johnson argues that EHOC failed to sufficiently plead its complaint in a manner which would allow Johnson to determine whether the FHA claim is barred by the applicable statute of limitations. In support of its motion, Johnson attached progress billing reports attempting to show EHOC filed its action outside the statute of limitations.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must view the allegations in the light most favorable to the EHOC. *See Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). The Supreme Court recently revised the motion to dismiss standard, explaining a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This does not require heightened fact pleading, but plaintiffs must allege enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id.*; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" (quoting *Bell Atl. Corp.*, 127 S. Ct. at 1965)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Crop.*, 127 S. Ct. at 1969.

Under this revised standard, the Court holds EHOC is not required to plead facts specific to defeating Johnson's statute of limitations affirmative defense. Federal courts require only notice pleading. *See* Fed. R. Civ. P. 8(a); *Shurgard Storage Ctrs. v. Lipton-U. City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005) (federal rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, a statute of limitations defense is an affirmative defense,

2

which Johnson has the burden of proving, not EHOC. *See United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002) ("This court has treated the statute of limitations as an affirmative defense, even when it was styled as a jurisdictional challenge."); *see also Schoenfeld v. U.S. Resort Mgmt., Inc.*, No. 05-4368, 2007 WL 2363500, at *1 (W.D. Mo. Aug. 16, 2007) (order denying motion to dismiss) (explaining defendant has burden of establishing affirmative defense). "[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). "[T]he court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred and if 'no reasonable person could disagree on the date' on which the cause of action accrued." *Ficken v. Golden*, No. 04-0350, 2005 WL 692019, at *3 (D.D.C. Mar. 24, 2005) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

Here, EHOC was under no obligation to plead enough facts to defeat Johnson's statute of limitations defense. Moreover, EHOC's complaint does not contain—and Johnson does not allege it contains—any facts on its face establishing it is conclusively time-barred. The statute of limitations defense is based upon factual questions which Johnson has the burden of establishing, not EHOC. Therefore, the Court denies Johnson's Motion to Dismiss based upon the FHA's statute of limitations. For the same reasons that EHOC is not required to plead facts supporting Johnson's affirmative defense, the Court denies Johnson's request for a more definite statement. *See* Fed. R. Civ. P. 12(e) (allowing for more definite statement where pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading").

Next, Johnson argues that Count I of EHOC's complaint should be dismissed because it fails to state a claim by not alleging Johnson participated in the design of the projects.[1] In Count I, EHOC alleges Johnson, along with several other Defendants, "failed to design and construct and are failing to construct and design" condominiums accessible to and usable by individuals with disabilities. EHOC states the specific properties Johnson allegedly failed to design and construct properly. It also states the other parties, along with Johnson, allegedly involved in the FHA and ADA violations. Further, EHOC's complaint states that Johnson's violations as to both properties involve failing to design and construct: (1) appropriate public-use and common-use portions of the covered multi-family dwellings; (2) doors within the ground floor units that are sufficiently wide for persons who use wheelchairs; and (3) ground floor units containing accessible routes into the dwelling; electrical outlets, thermostats and other environmental controls in accessible locations; reinforcements in bathroom walls to allow later installation of grab bars; and usable kitchens and bathrooms such that a person using a wheelchair can maneuver.

Johnson argues that "[t]here is no allegation in the Complaint that Defendant Johnson participated in the design of the project." But, the complaint plainly alleges on its face that Johnson failed to properly design and construct the projects. The complaint then alleges specific instances of FHA and ADA violations. Perhaps Johnson's real complaint is that EHOC has not pled facts specifically linking Johnson with the design of the project. However, the Court finds that under the motion to dismiss standard, EHOC has pled enough facts to state a claim to relief that is plausible on its face. According to *Bell Atlantic*, this is all that is necessary to survive a motion to dismiss.

---

[1] Johnson also argues that Count I should be dismissed because it fails to contain a prayer of relief against it. To the extent this is a separate argument, the Court denies Johnson's motion on this ground because under Fed. R. Civ. P. 8, "technical niceties of pleadings are not required." *Johnson v. Teasdale*, 456 F. Supp. 1083, 1087 (W.D. Mo. 1978).

Whether EHOC can actually prove that Johnson was involved in the designing process is more appropriately resolved at a later stage.[2] Johnson's Motion to Dismiss Count I for failure to state a claim is denied.

Accordingly, it is hereby

ORDERED that Defendant Johnson Contracting, LLC's Motion to Dismiss Plaintiff's Complaint–Statute of Limitations and Failure to State a Claim upon Which Relief May Be Granted, or, in the Alternative, for More Definite Statement [Doc. # 7] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 16, 2007
Jefferson City, Missouri

---

[2]Johnson relies on *United States v. Days Inns of Am., Inc.*, 151 F.3d 822 (8th Cir. 1998), for support that to state a cause of action under section 303 of the ADA, a plaintiff must show that a party possessed sufficient authority over both the design and the construction process. However, in *Days Inn* the Eighth Circuit was reviewing a district court's granting of summary judgment, which carries a different standard than a motion to dismiss. *See id*. at 823-24.