IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING OPPORTUNITY COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY TILLMAN, et al.,<br><br>Defendants. | Case No. 2:07-CV-04114-NKL |

## FINAL JUDGMENT

This matter comes before the Court for trial on the Second Amended Cross Claim of the defendant, Fostill Lakeside Builders, LLC against the defendant, H Design Group, LLC. The Second Amended Cross-Claim, like the First Amended Cross-Claim, contains allegations of professional negligence on the part of H Design in connection with H Design's role as the architectural firm which designed Miramar Condominiums, a condominium project located in Camden County, Missouri. Miramar Condominiums has been the subject of two lawsuits alleging that H Design failed to design Miramar to be accessible to the disabled. These lawsuits also named Fostill as a defendant and alleged Fostill was responsible as the developer of Miramar for violations of the design and construction requirements of the FHA and the MHRA.

1

The Court finds that H Design is in default. Thus the issue of liability for professional malpractice is found in favor of Fostill. The Court, after receiving evidence and argument, and based on the authorities cited in the statement of the case filed with the court, finds that H Design was negligent and that Fostill has been damaged on account of H Design's negligence. These damages include:

1) The legal expenses Fostill incurred and continues to incur in defending two lawsuits based on the design of Miramar. These amounts are compensable authorized under Missouri's "collateral litigation" exception to the rule that a party must normally pay its own attorney's fees.

2) The expense Fostill has incurred in resolving this case and is likely to incur in resolving the litigation with the Missouri Attorney General pending in state court, including amounts Fostill is or will become obligated to pay to modify Miramar to make it more accessible to the disabled. These amounts are recoverable as being a reasonable means of limiting Fostill's damages on account of H Design's negligence.

3) The reduced market value of Miramar as a business venture and even of units within Miramar created by the litigation and the uncertainty associated with it.

4) The fees Fostill paid H Design for services and plan documents that resulted in getting Fostill sued in two separate courts.

Fostill has presented a factual basis for damages in the amount of $365,586.00, and the Court finds this amount to be fair and reasonable.

It is, therefore, ORDERED,

Fostill Lakeside Builders, LLC shall have judgment against H Design Group, LLC, in the amount of $365,586.00, together with its costs incurred in this case.

It is so ORDERED.

Dated: November 17, 2008    s/ NANETTE K. LAUGHREY
                            Nanette K. Laughrey
                            U.S. District Judge